In the matter of the final account of Samuel S. Marcy.

FEBRUARY TERM, 1874.

In the matter of the final account of SAMUEL S. MARCY, late guardian of OCEA ELDRIDGE.

Guardian. Statement of account. Evidence of payments. Commissions.

In the matter of the final account of Samuel S. Marcy.

On appeal from Cape May Orphans Court.

*Mr. Huffman*, for appellant.

*Mr. F. F. Westcott*, for respondent.

THE ORDINARY.

The accountant charged himself, in his final account, only with the ward's share of the rents of certain property, of which she owned one-sixth part. The charges amounted to $406.18. He credited himself with certain payments, among which are one of $128, stated to have been made in cash, November 6th, 1860, to George Bennett, his "successor as guardian—sale of real estate," and another of $140.52, stated as cash, paid October 8th, 1861, to "George Bennett, guardian, on settlement." These two credits were not allowed. An appeal was taken by the accountant, from the decree of the Orphans Court, in the premises. The credits amount, together, to $406.18, precisely the amount of the charges. The accountant claimed no commissions. He insists that the Orphans Court ought not to have rejected the two credits above particularly referred to, and that, in any event, he ought to be allowed a reasonable sum for his commissions. He claims, also, that the decree is erroneous, in that it charges interest at a higher rate than six per cent. per annum. Apart from the objection that there was no proof before the Orphans Court, and there is none here, that George Bennett ever was guardian of the ward of the accountant, there was no voucher or other evidence of these payments, except the accountant's own testimony, and (as he claimed) entries in his book of accounts. But it was shown that the credit of $140 was not even entered in his book, and that the accountant had admitted that he had put it down arbitrarily at that amount, in his final account, to balance it, and would have set down, instead of it, any other amount required for the purpose. His entry in his book would have been no proof of, nor voucher for the payment. Besides, this is a claim

for allowance of an amount which, he says, he was permitted by his alleged successor in the trust, to retain out of the trust funds for a debt due him from a deceased brother of the ward. And even for this debt, he produces no voucher or evidence whatever, beyond his own testimony, and he is not able to state its amount. It is needless to remark, that there is no lawful ground whatever for allowing this credit. In his testimony, the accountant does not state that he paid either of the sums of $128 and $140 to George Bennett, but claims, that in a settlement between himself and the latter, they were allowed to him. That in that alleged settlement there was a balance against him, he admits. He says it was $5, but it is by no means clear that it was not a much larger sum, but how much it was does not appear, otherwise than by his testimony. Though he received money from the sale of the real estate of his ward, to the amount of these two credits, the accountant does not charge himself with it at all.

The accountant insists that he ought to be allowed commissions. He did not ask them in the Orphans Court, and they ought not to be allowed to a guardian on an account made up as this is.

Interest should have been charged at six per cent. per annum, up to March 15th, 1866, and after that date, at seven per cent. It appears to have been so computed.

The decree of the Orphans Court is affirmed, with costs.